STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-12-38
*TDW— cun 1/4/2013*

NICOLE TRUDEL

    Plaintiff

v.

ORDER

MAINE UNEMPLOYMENT INSURANCE
COMMISSION,

    Defendant

STATE OF MAINE
Cumberland, ss Clerk's Office

JUL 04 2013

RECEIVED

Before the court is Nicole Trudel's appeal from an April 10, 2012 decision of the Maine Unemployment Insurance Commission determining that Ms. Trudel was not entitled to unemployment benefits because she voluntarily left regular employment without good cause attributable to that employment.

On this appeal the court's role is to determine whether the Commission correctly applied the law and whether its findings are supported by any competent evidence. McPherson Timberlands Inc. v. Unemployment Insurance Commission, 1998 ME 177 ¶ 6, 714 A.2d 818, 820. The court cannot overrule a decision of the Commission unless the record before the Commission compels a contrary result. Id. The court also cannot substitute its own judgment for that of the agency and must affirm findings of fact if those findings are supported by substantial evidence in the record. Rangeley Crossroads Coalition v. Land Use Regulation Commission, 2008 ME 115 ¶ 10, 955 A.2d 223, 227.

In this case, the deputy originally determined that Ms. Trudel was not entitled to unemployment benefits. That decision was overturned by a hearing officer. The

employer then filed an appeal with the Commission, which held a hearing on December 1, 2011. It is the Commission's decision – as a the final decision of the agency – which is now on appeal.

The court has reviewed the record. There are conflicts in the testimony, and (as Ms. Trudel points out) there are some inconsistencies in the employer's characterization of the circumstances under which Ms. Trudel left her employment with the restaurants operated by Seacoast Investments. However, it is the Commission's role to determine credibility and to reconcile conflicts in the evidence. See Sprague Electric Co. V. Maine Unemployment Insurance Commission, 544 A.2d 728, 732 (Me. 1988). Regardless of whether the court would have reached the same result, it must uphold the Commission's decision if there is evidence in the record to support that decision.

In this case the record contains evidence that Ms. Trudel began working as a waitress at the Frog & Turtle Restaurant owned by Seacoast Investments in December 2009. Initially she worked on a part time basis because she was attending school at the time. During the summer of 2010 and continuing until December 2010 Ms. Trudel worked at the Frog & Turtle on a full time basis. (R. 120).

In December 2010 Ms. Trudel informed the employer that she planned to return to school in January 2011 and would only be available for part-time work. (R. 121). She provided the employer with the times of the week when she would be available given her class schedule, but the employer advised her it could not accommodate that schedule. (Id.) Ms. Trudel then revised her class schedule to provide some additional availability but the employer still had difficulty accommodating her. (R. 122, 56, 89). At one point the employer offered to provide her with work in another restaurant owned by Seacoast, but Ms. Trudel declined that suggestion. (R. 88, 126-27).

Ms. Trudel worked at the Frog & Turtle on a part time and intermittent basis until mid February 2011. On February 13 she called the employer to be advised as to the next week's schedule, which had not been prepared. (R. 124). On February 14 the

2

employer telephoned Ms. Trudel to advise her that she was not scheduled for any shifts during the upcoming week because there were only enough shifts for full time employees. (R. 99, 124). There is a dispute as to what else was said in that conversation, but the Commission was entitled to find, based on the employer's testimony, that the employer told Ms. Trudel that she should keep checking the schedule for future weeks and that Ms. Trudel replied that she would not do that. (R. 92, 95-97). The employer then stopped scheduling her. (R. 54, 92).

Although there was also evidence in the record from which contrary findings could have been reached, the Commission was entitled to rely on the above evidence to conclude that Ms. Trudel voluntarily gave up full time employment to resume her education, that even after she adjusted her class schedule there were difficulties giving her part time work, that she declined work at a different restaurant, and that she informed the employer on February 14 that she was not going to keep checking the schedule to see when she was scheduled for part time work. This provides a sufficient basis for the Commission's finding that Ms. Trudel voluntarily left employment without good cause attributable to her employer. 26 M.R.S. § 1193(1)(A).

The entry shall be:

The decision of the Unemployment Insurance Commission is affirmed. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: January 4, 2013

Thomas D. Warren
Justice, Superior Court

3

Date Filed ___7-3-12___  CUMBERLAND ___  Docket No. ___AP-12-38___
                              County

Action ___80C APPEAL___

NICOLE TRUDEL                          SEACOAST INVESTMENTS
                                       THE FROG & TURTLE
                                       MAINE UNEMPLOYMENT INSURANCE COMMISSION


                                    vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| PRO SE | ELIZABETH WYMAN, AAG |
| 75½ NORTH KELSEY ST | OFFICE OF THE ATTORNEY GENERAL |
| SOUTH PORTLAND ME 04106 | 6 STATE HOUSE STATION |
| | AUGUSTA, ME 04333-0006 |

Date of
Entry